IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKEL PAUL GISI,

Plaintiff,

v.

NATIONAL SECURITY AGENCY OF THE UNITED STATES,

Defendant.

Case No.: 3:26-cv-01752-AN

OPINION AND ORDER

Plaintiff Mikel Paul Gisi, who is self-represented and thus proceeding pro se, brings this complaint against the National Security Agency of the United States. In addition to the complaint, plaintiff has also filed an application to proceed without paying filing fees (i.e., in forma pauperis ("IFP")) and a motion for appointment of pro bono counsel. For the reasons stated below, the Court GRANTS plaintiff's IFP application, but finds that the complaint does not state a claim on which relief may be granted. The complaint is therefore DISMISSED pursuant to 28 U.S.C. § 1915(e), with leave to amend, and the motion for appointment of counsel is DENIED as moot. If plaintiff wishes to file an amended complaint correcting the deficiencies identified in this Opinion and Order, he must do within thirty (30) days.

## LEGAL STANDARD

District courts are authorized by statute to permit a party to commence litigation "without prepayment of fees or security therefor" if that party submits an affidavit showing that they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When determining what, if any, filing fee a plaintiff must pay, "'the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials.'" *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023) (quoting *Alexander v. Carson Adult High Sch.*, 9 F.3d 1448, 1449 (9th Cir. 1993)).

In addition to permitting litigants to proceed without paying filing fees, Section 1915 also requires

a court to dismiss a complaint on its own accord, even before service of process, if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). First, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Second, a complaint fails to state a claim for relief if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Finally, a court must dismiss a complaint on immunity grounds once it "has sufficient information to make a determination" that defendants are entitled to absolute or qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

In determining whether a pro se complaint lacks merit, courts must use "less stringent standards than" those used for "formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, "[u]nless it is absolutely clear that no amendment can cure the defect," a pro se litigant is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU National Labor Organization*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

## DISCUSSION

### A. IFP Application

Plaintiff has satisfied the economic eligibility requirements of 28 U.S.C. § 1915 and his IFP application is granted accordingly. *See generally* Appl. to Proceed IFP, ECF 2. However, as described below, plaintiff's complaint does not establish a legally coherent theory of liability and therefore must be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

Although the Court liberally construes plaintiff's pro se complaint and holds it to a less stringent standard than formal pleadings drafted by lawyers, plaintiff's complaint must nevertheless be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Broadly, plaintiff alleges that he suffered "defamation of character, verbal abuse, threats, [and] slander," and that he was "called a liar." Compl. at 4, 6. These vague assertions are purely conclusory and amount to nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Plaintiff fails to allege basic facts detailing his specific grievances against defendant. For example, he does not describe the events or circumstances surrounding the alleged defamation and slander, identify who made the statements, or explain how defendant violated any law.

Furthermore, plaintiff fails to establish a basis for federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and plaintiff bears the burden of establishing that jurisdiction is proper. *See Bankers Life & Cas. Co. v. Crofton*, No. 1:13-cv-1121-CL, 2013 WL 6190040, at *1 (D. Or. Nov. 26, 2013). Subject matter jurisdiction requires either federal question jurisdiction under 28 U.S.C. § 1331—where the claim arises under the Constitution, laws, or treaties of the United States—or diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *Id*. Plaintiff has alleged no facts supporting federal question or diversity jurisdiction.

Altogether, plaintiff's allegations are far too speculative and conclusory to state a plausible claim for relief against defendant. Thus, the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**C. Leave to Amend**

Although plaintiff has not stated a sufficient claim at this time, it is not clear that it would be impossible for plaintiff to correct the identified deficiencies on amendment. Therefore, plaintiff is granted leave to amend. If plaintiff chooses to file an amended complaint, he is advised to first review the District

of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

**D. Motion for Appointment of Counsel**

Because this Opinion and Order dismisses plaintiff's complaint in its entirety, plaintiff's motion for appointment of counsel is denied as moot. If plaintiff amends his complaint, he may renew his motion for appointment of counsel.

## CONCLUSION

For the reasons stated herein, the Count GRANTS plaintiff's application to proceed IFP, ECF 2. The Court DISMISSES plaintiff's complaint, ECF 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and DENIES as moot plaintiff's motion for appointment of pro bono counsel, ECF 3. Dismissal is with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this Opinion and Order. If plaintiff does not file an amended complaint within thirty (30) days, judgment will be entered without further notice.

IT IS SO ORDERED.

DATED this 9th day of October, 2026.

Adrienne Nelson
United States District Judge